UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADAM E. MURPHY,

                *Plaintiff*,

        v.                                                                             No. 23-CV-6998 (KMK)

ERT MEDICAL OFFICER K.                                                  ORDER OF DISMISSAL
RODRIGUEZ, *et al.*,

                *Defendants*.

---

KENNETH M. KARAS, United States District Judge:

      Adam E. Murphy ("Plaintiff") brings this Action pro se under 42 U.S.C. § 1983 against ERT Officers K. Rodriguez, Pullen, and Prelvukaj, and Orange County (collectively, "Defendants"). (*See generally* Am. Compl. (Dkt. No. 9).) On May 22, 2025, The Court reopened Plaintiff's case and gave him an additional thirty days to file a second amended complaint, which the Court had originally instructed him to do by September 25, 2024. (*See* Order Reopening Case 6 (Dkt. No. 38); Opinion & Order 8–13 (Dkt. No. 34).) Plaintiff did not respond to this Order. (*See generally* Dkt.) On July 22, 2025, the Court issued an Order to Show Cause as to why this case should not be dismissed for failure to prosecute, directing Plaintiff to respond no later than August 21, 2025. (Dkt. No. 39.) As of the date of this Order, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court since April 29, 2025. (*See generally* Dkt.)

      While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation marks omitted) (quoting *Theilmann v.*

*Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cnty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case. First, Plaintiff has not communicated with the Court for nearly five months, which is longer than other courts have considered when dismissing a pro se plaintiff's case *See Early v. Little Flower Child. & Fam. Serv. of New York*, No. 23-CV-2531, 2025 WL 307138, at *1 (E.D.N.Y. Jan. 27, 2025) (finding that four months of noncompliance amounted to pro se plaintiff's abandonment of the case); *Cutting v. Riveles Wahab LLP*, No. 23-CV-6040, 2024 WL 3833890, at *2 (S.D.N.Y. Aug. 14, 2024) (dismissing pursuant to Rule 41(b) after four months of noncompliance); *Peters v. Dep't of Corr.*, 306 F.R.D. 147, 149 (S.D.N.Y. 2015) (dismissing pursuant to Rule 41(b) after

2

two months of pro se plaintiff's failure to respond to an order to show cause why the case should not be dismissed).

Second, Plaintiff received notice first that failure to file a second amended complaint and then that failure to show cause as to why this Action should not be dismissed may result in the dismissal of this Action with prejudice.  (*See* Dkt. Nos. 38, 39.)

Third, prejudice to Defendants is presumed where, as here, "a plaintiff's delay is 'lengthy and inexcusable.'"  *Pepe v. Kenev Inc.*, No. 23-CV-7747, 2025 WL 370964, at *2 (S.D.N.Y. Feb. 3, 2025) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Fourth, while this particular case has not congested the Court's calendar, "dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with [Plaintiff's] interest in being heard."  *Early*, 2025 WL 307138, at *1. Further, dismissal is appropriate where a plaintiff fails to comply with the Court's directives or otherwise communicate with the Court in any way.  *See Pepe*, 2025 WL 370964, at *2 (finding that a pro se plaintiff's failure to comply and communicate weighed in favor of dismissal).

Finally, the Court has "considered the possibility of a less drastic sanction than dismissal," *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (summary order); *Pepe*, 2025 WL 370964, at *2 (same), but finds that, as Plaintiff appears to "ha[ve] abandoned this matter," dismissal is appropriate, *Mena v. City of N.Y.*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017).

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute.  *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *2 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an

order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Just. Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months (emphasis removed)).

Accordingly, it is hereby:

ORDERED that this Action be dismissed without prejudice for failure to prosecute. *See Armstrong v. Guccione*, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute" (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962))).

The Clerk of Court is respectfully directed to close the case and mail a copy of this Order to Plaintiff's address.

SO ORDERED.

DATED:   September 9, 2025
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE