UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM E. MURPHY, *Plaintiff*, v. ERT MEDICAL OFFICER K. RODRIGUEZ, *et al.*, *Defendants*. | No. 23-CV-6998 (KMK) <br> ORDER |

KENNETH M. KARAS, United States District Judge:

Plaintiff Adam E. Murphy brings this Action pro se under 42 U.S.C. § 1983. (*See generally* Am. Compl. (Dkt. No. 9).) On September 25, 2024, the Court granted Defendants' Motion to Dismiss in full. (Dkt. No. 34.) The Court granted Plaintiff thirty days to file an amended complaint addressing the deficiencies identified in its September 25, 2024, Opinion & Order. (*See id.*) Plaintiff did not file an amended complaint. (*See generally* Dkt.) On November 22, 2024, the Court issued an Order to Show Cause as to why this Action should not be dismissed for failure to prosecute, directing Plaintiff to respond no later than December 23, 2024. (Dkt. No. 35.) Plaintiff did not respond. (*See generally* Dkt.) On February 26, 2025, the Court dismissed this Action without prejudice for failure to prosecute. (Dkt. No. 36.) By letter dated March 21, 2025, Plaintiff asserted that he had not been aware that he had to update the Court of changes of address in a timely manner and requested that the Court re-open this Action. (Dkt. No. 37.) On May 22, 2025, the Court granted Plaintiff's request and directed Plaintiff to file an amended complaint within thirty days. (Dkt. No. 38.) Again, Plaintiff did not respond. (*See generally* Dkt.) On July 21, 2025, the Court issued a second Order to Show Cause as to why this Action should not be dismissed for failure to prosecute, directing Plaintiff to respond no

later than August 21, 2025. (Dkt. No. 39.) Plaintiff did not respond, and the Court dismissed the Action for failure to prosecute. (Dkt. No. 40.) However, the Court subsequently received a letter from Plaintiff informing the Court of a change of address. (Dkt. No. 41.) In response, the Court reopened this Action. (*See generally* Dkt.) On September 25, 2025, the Court issued a third Order to Show Cause as to why this Action should not be dismissed for failure to prosecute, directing Plaintiff to respond no later than October 26, 2025. (Dkt. No. 43.) In the Order, the Court advised Plaintiff "[t]here will be no extensions." (*Id.*) On September 26, 2025, the Court directed the Clerk of Court to update Plaintiff's address and mail a copy of the order to Plaintiff. (Dkt. No. 42.) Plaintiff has not responded to this Court's order to show cause as to why this Action should not be dismissed for failure to prosecute. Accordingly, the Court dismisses this Action for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, see *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to

invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. As to the first factor, Plaintiff has failed to show cause why this case should not be dismissed by the Court's October 26, 2025 deadline. In fact, Plaintiff has not filed anything on the docket since September 9, 2025. (Dkt. No. 41.) "Although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice." *Go Home, Ltd. v. Infinite Harmony, Inc.*, No. 18-CV-4358, 2020 WL 13157535, at *2 (E.D.N.Y. Sept. 17, 2020), *report and recommendation adopted*, No. 18-CV-4358, 2021 WL 7906530 (E.D.N.Y. May 6, 2021); *see also Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013) (substantively same). As to the second factor, Plaintiff has thrice been warned that the Court may dismiss Plaintiff's case for failure to prosecute. (Dkt. Nos. 35, 39, 43.) As to the third factor, the presumption that Defendant will be prejudiced by further delays applies. "Typically, a court examining this factor will examine the length of the

delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered." *Go Home, Ltd.*, 2020 WL 13157535, at *2 (citing *Caussade*, 293 F.R.D. at 630). Here, "Plaintiff's lack of action in prosecuting this case creates the presumption that the delay is prejudicial against Defendant, weighing in favor of dismissal." *Id.* As to factor four, dismissing this case would undoubtedly promote efficiency and ease congestion. And where a Plaintiff "has shown little interest in prosecuting" their case, failed to comply with the Court's orders, and fallen out of contact, this factor weighs in favor of dismissal. *Caussade*, 293 F.R.D. at 631. The Court is not obligated to allow a case "to languish on the docket," *Davison v. Grillo*, 05-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006), while it waits for Plaintiff to re-engage in the litigation. Finally, in light of Plaintiff's pro se status, dismissal without prejudice appropriately takes into account the efficacy of lesser sanctions. *See Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See, e.g.*, *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05- CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly

two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the [p]laintiff can be responsible for notifying the court and the Defendant of his updated address, and [p]laintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: September 30, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge